# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1147V
Filed: May 17, 2019
UNPUBLISHED

| | |
|---|---|
| JESSE LUBIN,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
*Robert Paul Coleman, III*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On August 24, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus diphtheria and acellular pertussis ("Tdap") vaccine administered on September 21, 2016. Petition at 1. On March 13, 2019, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 49.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 7, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 53.  Petitioner requests attorneys' fees in the amount of $26,245.75 and attorneys' costs in the amount of $1,027.58.  *Id.* at 10.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 3.  Thus, the total amount requested is $27,273.44.

On April 17, 2019, respondent filed a response to petitioner's motion.  ECF No. 54.  Respondent states that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On April 17, 2019, petitioner filed a reply.  ECF No. 55.  "Petitioner respectfully relies on the facts, law and argument presented in his submission filed on April 7, 2019".  *Id.* at 1.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**I.     Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

2

**II.     Attorney Fees**

A. Paralegal Tasks billed at Attorney Rates

Upon review of the billing records submitted, several tasks are bellied at the attorney rate for tasks considered paralegal work. "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Examples[3] of these entries include:

- February 27, 2017 (0.20 hrs) "Prepare 4 additional authorizations"
- March 13, 2017 (2.50 hrs) "Prepare 15 request letters and submit to providers"
- August 21, 2017 (0.30 hrs) "Confirm citations and accuracy"
- August 24, 2017 (0.30 hrs) "Final preparation of documents for filing"

ECF No. 41-1 at 2-5.

The undersigned reduces the hourly rate on the entries that are considered paralegal to $135.00 per hour. This reduces the request for attorney's fees in the amount of **$1,091.50**.[4]

B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 5.3 hours was billed by Mr. Krakow on tasks considered administrative including, receiving documents, sending documents, reviewing and finalizing documents and organizing the client file. Examples of these entries include:

- February 27, 2017 (0.20 hrs) "Set up file, set up records collection folder, spreadsheet and template"
- July 6, 2017 (010 hrs) "Send 3rd request to CVS – fax"

---

[3] These are merely examples and not an exhaustive list.

[4] This amount consists of the already reduced hourly rate of $435- $140 = $295 x 3.7 hours = $1,091.50.

- August 24, 2017 (0.20 hrs) "Prepare documents for service on DOJ"
- August 25, 2017 (0.10 hrs) "Organize ECF notices"
- August 28, 2017 (0.50 hrs) "Finalize preparation of CD and N Filing CD, arranged for Fedex and service of Notice certified mail"
- December 4, 2017 (0.10 hrs) "Process Ex 18 Barzideh suppl for filing"

The undersigned reduced the request for attorney fees by **$903.50**,[5] the total amount of the entries considered administrative.

### III.    Attorney Costs

Petitioner requests reimbursement for attorney costs incurred by counsel for petitioner, in the amount of $1,027.69. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought

### IV.    Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $25,278.44[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Robert Joel Krakow.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[5] This amount consists of ($140 x $4.9 hrs = $686) + (0.50 hrs x $435 = $217.5) = $903.50.

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.